FILED
CLERK, U.S. DISTRICT COURT

13 JUN 01 PM 2:16

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Bruce M. Pritchett, #6781
3809 South, West Temple Street, Suite 1-D
Salt Lake City, Utah 84115
Phone: (801) 281-0001 ext. 20

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLEN Z. WOLFSON, | |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| vs. | |
| YP.NET, INC., a Nevada corporation, | Civil No.: **2:01CV0043 1 ST** |
| Defendant. | Judge: |

Plaintiff Allen Z. Wolfson complains against Defendant as set forth below.

### PARTIES

1. Plaintiff Allen Z. Wolfson ("Wolfson") is a citizen of Utah; he is an individual resident of the State of Utah.

2. Defendant YP.NET, Inc. ("YP.NET") is a citizen of Nevada and Arizona; it is a Nevada corporation with principal offices in Maricopa County, Arizona.

3. YP.NET is the current name of, and is the same corporation as, RIGL Corporation, a Nevada corporation which changed its name to YP.NET in approximately October of 1999.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment between citizens of different states, where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over the Defendant because the Defendant has transacted business in this state, because the claim arises from contracting to supply services or goods in this state, and because the Defendant is subject to this Court's jurisdiction under the Utah long-arm statute, Utah Code § 78-27-24.

7. Venue in this district is proper under 28 U.S.C. §§ 1391(a), and/or (c).

## GENERAL ALLEGATIONS

8. Plaintiff Wolfson is engaged in the business of providing general business and financial consulting services to companies throughout the United States.

9. In July 1999, Defendant YP.NET entered into a written agreement with Wolfson to retain Wolfson's services (the "Consulting Agreement") (copy attached as Exhibit A to this complaint).

10. According to Section 1 of the Consulting Agreement, YP.NET agreed that Wolfson's services would be provided "on a 'best efforts' basis directly by Consultant" (namely, Wolfson).

11. According to Section 4 of the Consulting Agreement, YP.NET agreed to pay Wolfson as follows:

> The Company agrees to pay Consultant a fee for the Services ("Consulting Fee") as follows: Three Hundred Eighty Five Thousand Seven Hundred Sixteen (385,716) shares of the Company's common stock to the Consultant <u>as an initial fee</u>. <u>All shares transferred to Consultant are hereby deemed fully earned and non-assessable as of the Effective Date</u> and shall be registered pursuant to a Form S-8 registration statement filed with the SEC. (Emphasis added.)

12. All 385,716 shares of the Company's stock described as the "initial fee" were in fact transferred to Wolfson by defendant YP.NET on or about 9/13/99.

13. All 385,716 shares of the Company's stock described as the "initial fee" were registered with the SEC pursuant to an effective Form S-8 registration statement.

14. According to Section 7 of the Consulting Agreement, YP.NET agreed that Wolfson's Services would be "performed at Consultant's offices except as otherwise mutually agreed by Consultant and the Company."

15. Wolfson did in fact render his Services to YP.NET, and all of such services were provided at Wolfson's offices in Salt Lake City, Utah.

16. According to Section 12 of the Consulting Agreement, YP.NET agreed to indemnify Wolfson for all losses, damages, costs and expenses, including interest, penalties and attorney' fees and expenses "<u>asserted</u> against or imposed or <u>incurred</u> by either party <u>by reason of</u> or resulting from any action by (or <u>the breach</u> of any representation, warranty, covenant, condition, or <u>agreement</u> by) the other party to this Agreement." (Emphasis added.)

17. According to Section 14(H) of the Consulting Agreement, YP.NET agreed that the contract was negotiated in and contracted for in Utah and would be governed by the "laws of the State of Utah, and the United States of America," and that the parties consented to the personal jurisdiction of the courts located in Utah.

18. On or about 9/13/99, YP.NET delivered 385,716 free-trading, registered shares of its common stock–all of the total initial fee–to Wolfson.

19. Since 9/13/99, Wolfson has sold all of the above-described 385,716 free-trading shares of common stock in open-market transactions, at a total aggregate price of over $300,000.

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT

20. Wolfson realleges the allegations in the preceding paragraphs and incorporates them by this reference as if fully set forth here.

21. Wolfson is not, and has never been, an "affiliate" of YP.NET as that term is defined in Rule 144(a)(1) promulgated under the Securities Act of 1933, such rule being codified at 17 C.F.R. §230.144(a)(1) (hereafter, "Rule 144").

22. Wolfson is entitled to a declaratory judgment that, according to the "Consulting Agreement" between the parties dated July 28, 1999, he had fully earned all of the 385,716 shares of common stock transferred to him by the defendant.

23. Wolfson is entitled to a declaratory judgment that, according to the terms of the "Consulting Agreement" of July 28, 1999, he did not breach that agreement.

WHEREFORE, Plaintiff Wolfson seeks judgment against Defendant YP.NET, Inc., for the following relief:

- A. A declaratory judgment that, according to the "Consulting Agreement" between the parties dated July 28, 1999, he had fully earned all of the 385,716 shares of common stock transferred to him by the defendant YP.NET.

- B. Wolfson is entitled to a declaratory judgment that, according to the terms of the "Consulting Agreement" of July 28, 1999, he did not breach that agreement.

- C. An award of costs incurred by Wolfson in bringing this action, including reasonable attorney fees, pursuant to Section 12 of the Consulting Agreement.

- D. For such other and further relief as this Court deems just and proper.

DATED this 11th day of June, 2001.

Respectfully submitted,

*[signature]*

Bruce M. Pritchett, #6781
3809 South, West Temple Street, Suite 1-D
Salt Lake City, Utah 84115
(801) 281-0001 ext. 20
**Attorney for Plaintiff**
**Allen Z. Wolfson**

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.